# United States District Court
# Central District of California

| | |
|---|---|
| ENRICO GREEN,<br><br>            Plaintiff,<br><br>    v.<br><br>HEPTA RUN, INC, et al.,<br><br>            Defendants. | Case No. 2:19-cv-10522-ODW (MRWx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [9]** |

## I. INTRODUCTION

Before the Court is Defendant Ed Tseng's ("Tseng") Motion to Dismiss for Lack of Personal Jurisdiction. For the reasons discussed below, the Court **GRANTS** the Motion, and **DISMISSES** Plaintiff Enrico Green's ("Green") Complaint with leave to amend.[1] (ECF. No. 9.)

## II. FACTUAL BACKGROUND

Green, also known as Khaleel Muhammad, is a truckdriver domiciled in California. (*See* Second Am. Compl. ("SAC") ¶¶ 2, 7, ECF No. 1-1.) Defendant Hepta Run, Inc. ("Hepta Run") is a Texas corporation and contracts with truckdrivers to transport goods. (Mot. to Dismiss ("Mot.") 2, ECF No. 9; SAC ¶ 2.) Defendant Tseng is a resident of Texas, the owner, CEO, Secretary, and CFO of Hepta Run.

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

(Mot. 2.)

Green was employed by Defendants and transported goods throughout Long Beach, California. (SAC ¶¶ 2, 7.) Green alleges that throughout his employment, Defendants: (1) made unlawful deductions to his remuneration; (2) failed to reimburse for business expenses such as liability insurance, fuel, mileage, and parking; (3) failed to separately compensate for rest periods; (4) failed to provide required meal and rest periods, or alternatively, pay the additional hour in wages; (5) failed to pay all earned wages after separation from employment; and (6) failed to provide an accurate itemized wage statement. (SAC ¶ 2.)

On September 30, 2019, Green filed a Second Amended Complaint ("SAC") before the Los Angeles Superior Court, alleging eight claims: (1) failure to reimburse all necessary expenditures in violation of California Labor Code sections 2802, 2802, and 558.1; (2) failure to pay piece rate employee minimum wages for nonproductive time in violation of California Labor Code sections 226.2, 1194, and 558.1; (3) failure to pay piece rate employee separate compensation for rest periods in violation of California Labor Code sections 226.2, 1194, and 558.1; (4) failure to provide required meal periods in violation of California Labor Code sections 226.7, 512, and 558.1; (5) failure to provide required rest periods in violation of California Labor Code sections 218, 218.6, 226.7, and 558.1; (6) failure to pay all earned wages upon separation in violation of California Labor Code sections 203 and 558.1; (7) failure to provide accurate wage statements in violation of California Labor Code sections 218.6, 226.2(a)(2), 226.3, and 558.1; and (8) unfair business practices in violation of California Business and Professions Code section 17200 *et seq.* (SAC ¶¶ 13–69.)

On December 12, 2019, Defendants removed the action based on diversity jurisdiction. (*See generally* Notice of Removal ("Notice") ¶ 10, ECF No. 1.) Then on December 24, 2019, Defendant Tseng filed the instant motion to dismiss for lack of personal jurisdiction. (*See* Mot.)

## III. LEGAL STANDARD

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008); Fed. R. Civ. P. 4(k). "California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." *Id.*; Cal. Civ. Proc. Code § 410.10.

When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(2), the plaintiff has the burden of demonstrating that the court has jurisdiction over the defendant. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). When the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). While the plaintiff cannot "simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal quotation marks and citations omitted). Additionally, "the court resolves all disputed facts in favor of the plaintiff." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

A district court may exercise personal jurisdiction against a non-resident defendant if the defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Dole Food Co. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002) (quoting *Int'l Shoe Co. v. State of Wash*. 326 U.S. 310, 326 (1945)). A non-resident defendant may be subject to either general or specific personal jurisdiction. *Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987).

## IV. DISCUSSION

Here, Parties only dispute whether the Court may exercise specific jurisdiction over Tseng; accordingly, general jurisdiction is not at issue. (*See* Opp'n to Mot.

("Opp'n") 4–10, ECF No. 12.) Green asserts that specific jurisdiction is proper because Tseng purposefully directed his activities to California. (Opp'n 6–10.) For instance, Green alleges that Tseng "set in motion the [business] model . . . which lead to the wage and hour violations that are at issue in this case." (Opp'n 7.) Specifically, Green alleges: (1) Tseng created Hepta Run and approved of its operations in California; (2) approved Hepta Run's business model of reimbursing truck drivers' fuel costs; (3) paid Hepta Run's drivers with his own money when the company could not pay drivers; and (4) paid the rent for Hepta Run's office in California. (Opp'n 6.)

Tseng, on the other hand, argues that "his involvement in Hepta Run is at a high level only and is concerned primarily with the company's financials." (Mot. 2.) Moreover, Tseng asserts that other Hepta Run employees, such as the office manager and safety department manager, are responsible for supervising invoicing, driver settlements, and contracting drivers like Green. (Mot. 2.) For instance, another employee—the dispatch manager based in Houston—was responsible for assigning Green his trucking jobs. (Mot. 2.) Tseng further denies that Hepta Run has a California office, and claims he has never met nor spoken with Green. (Mot. 2.)

To exercise specific personal jurisdiction, courts apply a three-prong test. First, the defendant must either purposefully direct its activities or purposefully avail itself of the benefits afforded by the forum's laws. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1023 (9th Cir. 2017). Second, "the claim must arise[] out of or relate[] to the defendant's forum-related activities." *Id*. Third, the exercise of jurisdiction must be reasonable, such that it comports with fair play and substantial justice. *Id*. Each prong must be met.

Accordingly, when analyzing specific personal jurisdiction, "[e]ach defendant's contacts with the forum must be assessed individually." *Calder*, 465 U.S. at 790; *see also id*. at 788 ("In judging minimum contacts, a court properly focuses on the relationship among the defendant, the forum, and the litigation."). Moreover, "[c]orporate officers can be liable for corporate actions where they are the guiding

spirit behind the wrongful conduct, or the central figure in the challenged corporate activity." *In re Boon Glob. Ltd.*, 923 F.3d 643, 651 (9th Cir. 2019) (internal quotation marks omitted). Nonetheless, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). Comparatively, random, fortuitous, or attenuated contacts will not be sufficient to establish specific personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)

In *M.O. Dion & Sons, Inc. v. VP Racing Fuels, Inc.*, California plaintiffs similarly brought an action against a Texas defendant Racing Fuel Company, its president, vice president, and chief financial officer, and alleged that the defendants breached their contract by misrepresenting the quality of their racing fuel. No. 19-cv-5154-MWF (SSx), 2019 WL 4750116, *1–3 (C.D. Cal. Sept. 27, 2019). Plaintiffs initially voiced their concerns directly to the company and met with the vice president and chief financial officer, but not the President. *Id*. at *3. Consequently, the court ruled that it could exercise specific personal jurisdiction over the vice president and chief financial officer, but not the president. *Id*. at 6–8. The court held that the president was not a "central figure" in the disputed activities because he did not attend the meeting between plaintiffs and co-defendants, and he also was not involved in the decision to use or market the fraudulent fuel. *Id*. at *6. As such, the court could not exercise specific personal jurisdiction over the president, and the court granted his motion to dismiss. *Id.*

Similarly, in *Delman v. J. Crew Grp., Inc.*, the California plaintiff brought an action against the defendant clothing company and its New York chief executive officer ("CEO") for deceptive marketing tactics regarding its discounted clothing line. No. 16-cv-9219-MWF (ASx), 2017 WL 3048657, at *1–2 (C.D. Cal. May 15, 2017). The plaintiff argued that jurisdiction for the CEO was proper because he purposefully directed his actions towards California by managing a company with high sale

volumes in California. *Id.* at *4. The district court disagreed and found it lacked jurisdiction over the CEO. *Id.* It reasoned that "[s]imply alleging, without more, that [the CEO] is very involved with the business, and that California is an important market for the business, is not sufficient to make [the CEO] subject to the Court's personal jurisdiction." *Id.*; *see also Wolf Designs, Inc. v. DHR Co.*, 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004) ("[M]ere knowledge of tortious conduct by the corporation is not enough to hold a director or officer liable for the torts of the corporation absent other 'unreasonable participation' in the unlawful conduct by the individual.")

Here, Green fails to make a prima facie showing that this Court may exercise specific personal jurisdiction over Tseng. Foremost, Green fails to adequately allege jurisdictional facts to warrant the exercise of personal jurisdiction over Tseng. As in *M.O. Dion & Sons, Inc.*, Tseng does not appear to be a central figure in the disputed activities. 2019 WL 4750116 at *6. For instance, Hepta Run's office manager, safety manager, and dispatch managers, all had more direct contacts and responsibilities concerning Green's wage and hour violations, which according to the SAC, does not appear to be true for Tseng. (*See generally* SAC; Mot. 2.)

Further, Plaintiff's allegations regarding Tseng's role in creating Hepta Run and approving its business model are insufficient to allow this Court to exercise specific jurisdiction over him in a California wage and hour action. *Delman*, 2017 WL 3048657 at *4. Rather, Green must allege facts that establish Tseng as the guiding spirit behind the wage and hour violations. *See Delman,* 2017 WL 3048657 at *4 ("[T]o exercise personal jurisdiction over a corporate officer, the plaintiff must allege with sufficient specificity that the defendant was the 'guiding spirit' behind the wrongful conduct, . . . or the 'central figure' in the challenged corporate activity.").

Nevertheless, Green is granted leave to allege only specific instances in which Tseng cooperated in or instigated the alleged wage and hour violations. Accordingly, the Court **GRANTS** Tseng's motion to dismiss and permits Green to amend his

6

Complaint only to address the personal jurisdiction issue related to Tseng. *See Gaudio v. Critical Mass Indus. LLC*, No. 19-cv-8214-MWF (AGRx), 2019 WL 8163804, at *8 (C.D. Cal. Dec. 9, 2019) (granting defendant's 12(b)(2) motion to dismiss but granting plaintiff leave to amend and address personal jurisdiction deficiencies).

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Tseng's Motion to Dismiss, but **GRANTS** Green leave to amend his Complaint. (ECF No. 9.)

**IT IS SO ORDERED.**

April 2, 2020

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**